IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| RAFFAELE MALIZIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No.  2:14-cv-14756 |
| v. | ) | |
| | ) | |
| EQUITYEXPERTS.ORG, LLC, | ) | **Complaint** |
| | ) | |
| Defendant. | ) | **Jury Trial Demanded** |
| _____ | ) | |

## NATURE OF ACTION

1.    This is an action brought pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3.    Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## PARTIES

4.    Raffaele Malizia ("Plaintiff") is a natural person who at all relevant times resided in the State of Michigan, County of Wayne, and City of Livonia.

5.    Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.     EquityExperts.org, LLC ("Defendant") is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

7.     Defendant uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

8.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

9.     Plaintiff is a natural person obligated, or allegedly obligated, to pay a debt owed or due, or asserted to be owed or due, a creditor other than Defendant.

10.     Plaintiff's alleged obligation arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes—specifically, condominium assessments (the "Debt").

11.     Plaintiff's Debt was considered by the original creditor to be in default when referred to Defendant for collection.

12.     Defendant, a Michigan-based debt collector, utilizes a five-step process to collect debts on behalf of its association clients.

13.     As touted on its web site, Defendant first notifies an alleged debtor that his debt has been referred to a collection agency and that if full payment is not made within 30 days, a lien will be filed on the consumer's home.[1]

14.     Defendant charges consumers for sending this initial collection letter.

15.     If full payment is not made within 30 days, Defendant then files a lien on the consumer's home, and charges the consumer additional fees for doing so.

16.     At that point, if the consumer does not resolve his debt—and Defendant's resulting fees—the consumer's file would move to the "constant contact" phase, whereby Defendant repeatedly calls and sends letters to the consumer in an attempt to collect the alleged debt.  At the same time, Defendant tacks on an additional fee.

17.     Thereafter, if the outstanding debt still is not resolved, Defendant notifies the consumer of its intent to foreclose on the consumer's home and move forward with foreclosure by advertisement.

18.     In connection with the collection of the Debt, Defendant filed a lien for nonpayment of condominium assessments on Plaintiff's home on February 20, 2014.

19.     The lien alleged that Plaintiff owed $1,520.00 to Newburgh Park Condominium Association, including interest, costs, collection fees, and attorney fees.

20.     In connection with the collection of the Debt, Defendant drafted and mailed to Plaintiff, or caused to be mailed to Plaintiff, correspondence dated August 12, 2014.  A

---

[1]     *See* http://www.equityexperts.org/faq-page#n34 (last visited Dec. 15, 2014).

true and correct copy of Defendant's August 12, 2014 communication is attached hereto as Exhibit A.

21.     The August 12, 2014 communication stated that Plaintiff owed $2,290.00 and that an additional fee of $1,495.00 would be added if Plaintiff did not pay within 10 days.  Ex. A.

22.     The August 12, 2014 correspondence further indicated that "[i]f you do not pay within 10 days, balance will be at least $3,800.00."  Ex. A.

23.     Defendant's August 12, 2014 correspondence indicated that the balance was increasing from $2,290.00 to "at least" $3,800.00 within ten days.   The correspondence additionally indicated that the $2,290.00 balance would increase by $1,495.00 within 10 days.  These two figures represent mutually exclusive balances.

24.     By indicating two conflicting future balances, Defendant's August 12, 2014 correspondence falsely represented the character, amount, or legal status of the alleged Debt.

25.     In further connection with the collection of the Debt, Defendant mailed or caused to be mailed to Plaintiff, correspondence dated October 9, 2014 which indicated a current balance of $4,655.00.  A true and correct copy of Defendant's October 9, 2014 communication is attached hereto as Exhibit B.

26.     The October 9, 2014 communication stated, "This letter serves as notice that your property may be submitted to the Legal News/Daily Report to begin foreclosure proceedings, pending board approval."  Ex. B.

4

27.    The October 9, 2014 communication stated that Plaintiff's balance would increase to at least $8,100.00—from $4,655.00—if Plaintiff did not make payment within 10 days.  Ex. B.

28.    Upon information and good faith belief, the increases in the balance due were neither expressly authorized by the agreement creating the debt nor were they otherwise permitted by law.

29.    Moreover, upon information and good faith belief, the increases in the balance due were substantially more than any costs of collection borne by the original creditor.

30.    Plaintiff subsequently entered into a payment plan with Defendant.

31.    Plaintiff has paid monies to Defendant for Defendant's supposed fees and costs of collection.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692e(2)(A)

32.    Plaintiff repeats and re-alleges each and every factual allegation contained in Paragraphs 1-31 above

33.    15 U.S.C. § 1692e(2)(A) provides:

False or misleading representations

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.   Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2) The false representation of—

(A)    the character, amount, or legal status of any debt;

34.    In its August 12, 2014 communication, Defendant falsely, deceptively, and/or misleadingly stated the amount of the Debt will increase to both "at least" $3,800.00, as well as $2,290.00 plus $1,495.00, within 10 days.  $3,785.00 is not "at least" $3,800.00.

35.    Defendant's October 9, 2014 communication falsely, deceptively, and/or misleadingly stated that Plaintiff's balance would increase to at least $8,100.00—from $4,655.00—if Plaintiff did not make payment within 10 days.

36.    Defendant violated 15 U.S.C. § 1692e(2)(A) by falsely representing the character, amount, or legal status of the alleged Debt.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)    Adjudging that Defendant violated 15 U.S.C. § 1692e(2)(A);

b)    Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)    Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)    Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)    Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)    Awarding such other and further relief as the Court may deem just and proper.

## COUNT II
## VIOLATION OF 15 U.S.C. § 1692f(1)

37.     Plaintiff repeats and re-alleges each and every factual allegation contained in Paragraphs 1-31 above.

38.     15 U.S.C. § 1692f(1) provides:

Unfair practices

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

39.     Defendant increased the claimed balance owing without express authorization in the agreement creating the Debt or permitted by law.

40.     Defendant violated 15 U.S.C. § 1692f(1) by charging fees and costs of collection that were neither expressly authorized by the agreement creating the debt or by law.

41.     Defendant violated 15 U.S.C. § 1692f(1) by charging fees and costs of collection that were not borne by the original creditor.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a)      Adjudging that Defendant violated 15 U.S.C. § 1692f(1);

b)      Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

c)      Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

d)      Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e)      Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f)      Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

42.      Plaintiff is entitled to and hereby demands a trial by jury.


Dated: December 16, 2014

                              Respectfully submitted,

                              Law Offices of Ronald S. Weiss

                              /s/ Ronald S. Weiss
                              Ronald S. Weiss (P48762)
                              7035 Orchard Lake Road, Suite 600
                              West Bloomfield, MI 48322
                              RWeiss@YourFairDebtCollectionRights.com
                              248-737-8000
                              248-737-8003 (Fax)

                              Michael L. Greenwald
                              Greenwald Davidson PLLC
                              5550 Glades Road, Suite 500
                              Boca Raton, FL 33431
                              561-826-5477
                              561-961-5684 (Fax)
                              mgreenwald@mgjdlaw.com

                              Counsel for Plaintiff